SAMUEL THOMPSON *vs.* HENRY ISAACS.

First Judicial District, Hartford, May Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, JS.

The trial court may very properly direct a verdict for the defendant, where the evidence—as in the present case—admits of no other conclusion than that the plaintiff's own negligence was the proximate cause of the fall of a building and of his personal injuries resulting therefrom.

Argued May 4th—decided June 10th, 1920.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in Middlesex County and tried to the jury before *Reed, J.;* pursuant to the direction of the court the jury returned a verdict for the defendant, and from the refusal of the court to set aside such verdict the plaintiff appealed. *No error.*

*Ralph O. Wells,* for the appellant (plaintiff).

*Gustaf B. Carlson,* for the appellee (defendant).

PER CURIAM. The plaintiff was employed by the defendant's intestate, Henry Isaacs, a builder, to do the carpenter work in the erection of a small frame building. In the course of its erection the building

fell, causing the plaintiff the injury for which he brings this action. The court directed a verdict for the defendant.

It might reasonably have been found by the jury from the evidence that the plan of construction of this building was faulty. But whether that might have ultimately caused the fall of the building is of no present relevance. The jury could, upon the evidence, have reached no conclusion other than that the proximate cause of the fall of the building was the removal of the center posts standing through the center of the first floor, and also of the braces running from the studs to alternate joists on this floor; and they must further have found that these posts and braces were necessary supports for the building, and that no experienced carpenter would have removed them without providing other supports.

The plaintiff was an experienced carpenter, and admittedly removed these posts and braces without providing other support to take their place. Clearly, upon the conceded facts, the fall of the building was due to the plaintiff's own negligence.

There is no error.